IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**THOMAS A CHILTON, III,**

    Petitioner,

v.                                                            Civil Action No. **3:10CV871**

**LORETTA KELLY,**

    Respondent.

## MEMORANDUM OPINION

Thomas A. Chilton, III, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss on the grounds that, *inter alia*, Chilton's § 2254 Petition is barred by the relevant statute of limitations. Chilton has responded to the Motion to Dismiss and moved to strike Respondent's Response to Petitioner's Reply as an unauthorized submission. Because the Court granted Respondent permission to file the Response by Memorandum Order entered on August 29, 2011, Chilton's Motion to Strike (Docket No. 35) will be DENIED. The Motion to Dismiss is ripe for disposition.

### I. PERTINENT PROCEDURAL HISTORY

#### A.     Direct Appeal

Chilton is currently incarcerated pursuant to the final order of the Circuit Court for the County of Henrico ("Circuit Court") for convictions of attempted murder, use of a firearm in the commission of a felony, possession of a firearm after having been convicted of a felony, and maliciously shooting into an occupied vehicle. Chilton appealed his convictions.[1] On March 20,

---

[1] Chilton's initial direct appeal was dismissed on procedural grounds. Chilton filed a petition for a writ of habeas corpus with the Supreme Court of Virginia ("First State Habeas

2007, the Supreme Court of Virginia refused Chilton's petition for appeal. *Chilton v. Commonwealth*, No. 061922 (Va. Mar. 20, 2007). Chilton filed a petition for a writ of certiorari with the Supreme Court of the United States. On November 5, 2007, the Supreme Court of the United States denied Chilton's petition for certiorari. *Chilton v. Virginia*, 552 U.S. 1014 (2007).[2]

### B. Chilton's Petition to Void Judgment

On or about November 28, 2007,[3] Chilton submitted to the Circuit Court a Petition to Void Judgment, wherein he sought to set aside his criminal convictions. Chilton asserted that such a petition was authorized under section 8.01-428(D) of the Virginia Code.[4] Chilton asserted that the Petition to Void Judgment was a new civil action and not a motion in his criminal case. Chilton, however, initially did not accompany the Petition to Void Judgment with the requisite filing fee or a request to proceed *in forma pauperis*. By letter dated February 8, 2008, the Clerk's Office for the Circuit Court informed Chilton that if he wished his Petition to Void Judgment to be placed on the civil docket, he must submit the requisite $32.00 filing fee. By letter dated March 5, 2008, Chilton informed the Circuit Court that he intended to proceed *in forma*

---

Petition"), alleging *inter alia*, that he had been denied effective assistance of counsel on appeal. The Supreme Court of Virginia awarded Chilton a writ of habeas corpus limited to the right to pursue a belated direct appeal. *Chilton v. Warden of Sussex I State Prison*, No. 050193 (Va. Aug. 25, 2005).

[2] Chilton represents that he filed a petition for rehearing with the Supreme Court of the United States. (Pet'r's Statement of Timeliness under 28 USC 2244(d) ("Pet'r's Statement of Timeliness") (Docket No. 3) ¶ 5.) The docket of the Supreme Court of the United States does not support this representation.

[3] This is the date the Petition for Void Judgment was signed by Chilton.

[4] In 2007, that provision provided, "This section does not limit the power of the court to entertain at any time an independent action to relieve a party from any judgment or proceeding, or to grant relief to a defendant not served with process as provided in § 8.01-322, or to set aside a judgment or decree for fraud upon the court." Va. Code Ann 8.01-428(D) (West 2007).

*pauperis*. In conjunction with this letter, Chilton submitted a request to proceed *in forma pauperis* along with statements from his prison account from October of 2007 until March of 2008. By Order entered on March 20, 2008, the Circuit Court denied Chilton's request to proceed *in forma pauperis*.[5]

Chilton moved the Circuit Court to reconsider his request to proceed *in forma pauperis*. By Order entered on April 24, 2008, the Circuit Court denied Chilton's motion to reconsider. On May 28, 2008, the Circuit Court received from Chilton a notice of appeal from the Order denying his request to proceed *in forma pauperis*. By letter dated August 13, 2008, the Supreme Court of Virginia returned the record in the matter of Chilton's appeal of the denial of his request to proceed *in forma pauperis* because Chilton had failed to file a petition for appeal in the time required by Virginia's appellate rules.

### C. Chilton's Second State Habeas Petition

On March 17, 2008,[6] the Circuit Court received Chilton's Second State Petition for a Writ of Habeas Corpus ("Second State Habeas Petition"). On December 12, 2008, the Circuit Court denied Chilton's Second State Habeas Petition. *Chilton v. Johnson*, No. CL08-713 (Cir. Ct. Dec. 12, 2008.) Chilton noted an appeal to both the Court of Appeals of Virginia and the Supreme

---

[5] The relevant records of Chilton's prison account reflect that Chilton had roughly $450.00 deposited into his prison account between October of 2007 and March of 2008.

[6] This is date that the application to proceed *in forma pauperis* that accompanied the Second State Habeas Petition was stamped received. *Chilton v. Kelly*, No. CL08-713, Cir. Ct. R. at 65 (Cir. Ct. filed Mar. 17, 2008). Chilton represents that he filed his Second State Habeas Petition on January 25, 2008. (Pet'r's Statement of Timeliness ¶ 7.) This representation is simply false. The Second State Habeas Petition was not executed and mailed to the Circuit Court until March 14, 2008. *Chilton v. Johnson*, No. CL08-713, Cir. Ct. R. at 52, 53 (Cir. Ct. filed Mar. 17, 2008).

Court of Virginia.[7] On February 16, 2010, the Supreme Court of Virginia refused Chilton's petition for appeal. *Chilton v. Johnson*, Nos. 091090, 091091 (Va. Feb. 16, 2010).

### D. Chilton's § 2254 Petition

On November 29, 2010, Chilton executed his § 2254 Petition and placed it in the prison mail system. (§ 2254 Pet. 15.) For purposes of the present motion, the federal petition will be deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In his § 2254 Petition, Chilton contends that he is entitled to relief upon the following grounds:

| | |
|---|---|
| Claim 1 | Chilton's rights under the Fourth Amendment[8] were violated when he was arrested without probable cause. |
| Claim 2 | The evidence was insufficient to support Chilton's convictions for attempted murder, use of a firearm in the commission of a felony, and maliciously shooting into an occupied vehicle. |
| Claim 3 | The Circuit Court abused its discretion and denied Chilton a fair trial; |
| Claim 4 | The prosecution engaged in misconduct at trial by not revealing that it intended to call Travis Churchill as a witness and that it intended to provide him with favorable treatment with respect to his sentencing. |
| Claim 5 | Chilton's separate convictions for attempted murder and maliciously shooting into an occupied vehicle and Chilton's separate firearm convictions violate the Double Jeopardy Clause.[9] |

---

[7] By Order dated August 19, 2009, the Supreme Court of Virginia consolidated Chilton's appeal to the Court of Appeals of Virginia with his appeal to the Supreme Court of Virginia. *Chilton v. Johnson*, Nos. 091090, 091091 (Va. Aug. 19, 2009). The record does not support Chilton's assertion that his appeal from the denial of his application to proceed *in forma pauperis* on his Petition for Void Judgment was consolidated with the appeal of his Second State Habeas Petition. (Pet'r's Statement of Timeliness ¶ 8.)

[8] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . ." U.S. Const. amend. IV.

[9] "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V.

4

Claim 6   Jury instructions 13 and 14 were unconstitutionally vague and permissive.

Claim 7   The record on appeal was inadequate for review.

Claim 8   Chilton's appellate rights were violated.

Claim 9   Chilton was denied the effective assistance of counsel because:
   (a)   Trial counsel failed to raise the Fourth Amendment violation alleged in Claim 1;
   (b)   Trial counsel failed to demonstrate that Chilton lacked the requisite intent to be convicted of maliciously shooting into an occupied vehicle;
   (c)   Appellate counsel failed to pursue meritorious issues on appeal;
   (d)   Trial counsel should have objected to Travis Churchill's testimony;
   (e)   Trial counsel failed to object to the prosecution's closing argument concerning Churchill's testimony; and,
   (f)   Trial counsel failed to raise the double jeopardy violations alleged in Claim 5.

## II. ANALYSIS OF THE MOTION TO DISMISS

### A.   The Statute of Limitations

Federal law imposes a one-year limitations period on state prisoners seeking to file a petition for a writ of habeas corpus. Specifically, 28 U.S.C. § 2244(d) states:

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B.  Commencement of the Statute of Limitations

Generally, "the one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (*citing* 28 U.S.C. § 2244(d)(1)(A)). Here, the statute of limitations began running on November 6, 2007, the date after the Supreme Court of the United States denied Chilton's petition for a writ of certiorari from his belated appeal.[10] *Clay v. United States*, 537 U.S. 522, 527 (2003) (citing cases). The statute of limitations ran for 132 days until Chilton filed his Second State Habeas Petition on March 17, 2008. As explained below, although Chilton's Second State States Habeas proceedings tolled the limitation period under 28 U.S.C. § 2244(d)(2), Chilton's Petition to Void Judgment did not.

---

[10] The Supreme Court stated that,

> where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review .... "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.

*Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009) (*quoting* 28 U.S.C. § 2244(d)(1)(A)).

### C. Statutory Tolling

In order to qualify for statutory tolling an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2).

> [A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and *the requisite filing fee*.

*Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (second emphasis added; internal footnote omitted) (citing cases). Here, Chilton never tendered the appropriate filing or was granted leave to proceed *in forma pauperis* with respect to his Petition to Void Judgment. Thus, the Petition to Void Judgment was never properly filed. *See id.*; *Runyan v. Burt*, 521 F.3d 942, 944–45 (8th Cir. 2008) (concluding inmate's application for post-conviction relief was not properly filed where it was not accompanied by filing fee or verified as required by Iowa law); *Phillips v. Culliver*, No. 06-00816-KD-B, 2009 WL 3414280, at *4 (S.D. Ala. Oct. 16, 2009) (concluding inmate's application for post-conviction relief was not properly filed because inmate failed to pay the filing fee or meet the state's requirements for proceeding *in forma pauperis*). Accordingly, after the conclusion of his belated direct appeal, the limitation period continued to run until Chilton filed his Second State Habeas Petition on March 17, 2008. The limitation period was tolled between that date and February 16, 2010, the date the Supreme Court of Virginia refused Chilton's petition for appeal from the denial of his Second State Habeas Petition. Upon the conclusion the appellate proceedings on Chilton's Second State Habeas Petition, Chilton had 233 days to file his § 2254 Petition. Nevertheless, 285 days elapsed before Chilton filed his § 2254 Petition on November 29, 2010.

Because the statute of limitations ran for 417 days, Chilton's § 2254 Petition is barred by the statute of limitations, unless Chilton demonstrates that he is entitled to a belated commencement of the limitation period pursuant to 28 U.S.C. §§ 2244(d)(1)(B)–(D) or equitable tolling. Neither Chilton nor the record suggest any basis for a belated commencement of the limitation period or equitable tolling.

### III. CONCLUSION

Respondent's Motion to Dismiss (Docket No. 21) will be GRANTED. The § 2254 Petition will be DENIED and the action will be DISMISSED. Chilton's motions for an evidentiary hearing (Docket Nos. 43, 44) will be DENIED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter. A certificate of appealability will be DENIED.

An appropriate Order shall issue.

/s/
James R. Spencer
Chief United States District Judge

Date: 11-29-11
Richmond, Virginia