IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**THOMAS A. CHILTON, III,**

    Petitioner,

v.                                                                          Civil Action No. **3:10CV871**

**LORETTA KELLY,**

    Respondent.

## MEMORANDUM OPINION

Thomas A. Chilton, III, a Virginia prisoner, filed a petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). On November 29, 2011, by Memorandum Opinion and Order, the Court dismissed the action as barred by the relevant statute of limitations. *Chilton v. Kelly*, No. 3:10CV871, 2011 WL 5975242, at *4 (E.D. Va. Nov. 29, 2011).[1] The matter is before the Court on Chilton's "MOTION FOR RELIEF PURSUANT TO RULE 60(b) -1, 3" ("Rule 60(b) Motion"), which he filed on May 16, 2012. Thereafter, Chilton submitted a "MOTION TO AMEND 60(b) MOTION" wherein he seeks to expand his grounds and arguments for relief under Rule 60(b). The "MOTION TO AMEND 60(b) MOTION" (Docket No. 60) will be GRANTED. The Court will consider Chilton's expanded arguments in support of Rule 60(b) relief. Nevertheless, for the reasons set forth below, the Rule 60(b) Motion (Docket No. 52) will be DENIED.

### I. PERTINENT PROCEDURAL HISTORY

Chilton's Rule 60(b) Motion challenges the Court's conclusion that his Petition to Void Judgment, which he submitted to the Circuit Court for the County of Henrico ("Circuit Court"),

---

[1] Chilton appealed. On May 30, 2012, the United States Court of Appeals for the Fourth Circuit denied Chilton a certificate of appealability and dismissed his appeal. *Chilton v. Kelly*, No. 12-6020, 2012 WL 1942077, at *1 (4th Cir. May 30, 2012).

did not toll the limitation period under 28 U.S.C. § 2244(d)(2).[2] The Court made the following findings with respect to the procedural history of the Petition to Void Judgment:

> On or about November 28, 2007,[3] Chilton submitted to the Circuit Court a Petition to Void Judgment, wherein he sought to set aside his criminal convictions. Chilton asserted that such a petition was authorized under section 8.01–428(D) of the Virginia Code.[4] Chilton asserted that the Petition to Void Judgment was a new civil action and not a motion in his criminal case. Chilton, however, initially did not accompany the Petition to Void Judgment with the requisite filing fee or a request to proceed *in forma pauperis*. By letter dated February 8, 2008, the Clerk's Office for the Circuit Court informed Chilton that if he wished his Petition to Void Judgment to be placed on the civil docket, he must submit the requisite $32.00 filing fee. By letter dated March 5, 2008, Chilton informed the Circuit Court that he intended to proceed *in forma pauperis*. In conjunction with this letter, Chilton submitted a request to proceed *in forma pauperis* along with statements from his prison account from October of 2007 until March of 2008. By Order entered on March 20, 2008, the Circuit Court denied Chilton's request to proceed *in forma pauperis*.[5]
> 
> Chilton moved the Circuit Court to reconsider his request to proceed *in forma pauperis*. By Order entered on April 24, 2008, the Circuit Court denied Chilton's motion to reconsider. On May 28, 2008, the Circuit Court received from Chilton a notice of appeal from the Order denying his request to proceed *in forma pauperis*. By letter dated August 13, 2008, the Supreme Court of Virginia returned the record in the matter of Chilton's appeal of the denial of his request to proceed *in forma pauperis* because Chilton had failed to file a petition for appeal in the time required by Virginia's appellate rules.

*Chilton v. Kelly*, No. 3:10CV871, 2011 WL 5975242, at *1 (E.D. Va. Nov. 29, 2011).

---

[2] "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

[3] This is the date the Petition for Void Judgment was signed by Chilton.

[4] In 2007, that provision provided, "This section does not limit the power of the court to entertain at any time an independent action to relieve a party from any judgment or proceeding, or to grant relief to a defendant not served with process as provided in § 8.01–322, or to set aside a judgment or decree for fraud upon the court." Va. Code Ann 8.01–428(D) (West 2007).

[5] The relevant records of Chilton's prison account reflect that Chilton had roughly $450.00 deposited into his prison account between October of 2007 and March of 2008.

The Court concluded that the Petition to Void Judgment did not qualify for statutory tolling:

> In order to qualify for statutory tolling an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2).
> [A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and *the requisite filing fee.*
> *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (second emphasis added; internal footnote omitted) (citing cases). Here, Chilton never tendered the appropriate filing or was granted leave to proceed *in forma pauperis* with respect to his Petition to Void Judgment. Thus, the Petition to Void Judgment was never properly filed. *See id.*; *Runyan v. Burt*, 521 F.3d 942, 944–45 (8th Cir. 2008) (concluding inmate's application for post-conviction relief was not properly filed where it was not accompanied by filing fee or verified as required by Iowa law); *Phillips v. Culliver*, No. 06–00816–KD–B, 2009 WL 3414280, at *4 (S.D. Ala. Oct. 16, 2009) (concluding inmate's application for post-conviction relief was not properly filed because inmate failed to pay the filing fee or meet the state's requirements for proceeding *in forma pauperis*). Accordingly, after the conclusion of his belated direct appeal, the limitation period continued to run until Chilton filed his Second State Habeas Petition on March 17, 2008.

*Id.* at *3 (alteration in original).[6]

## II. STANDARD FOR RULE 60(B) RELIEF

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (*quoting Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (*citing Werner*, 731 F.2d at 207). As pertinent here, Rule 60(b) provides:

---

[6] Chilton also asserts a Magistrate Judge should have conducted the initial review of the Motion to Dismiss his § 2254 Petition. The parties did not consent to the jurisdiction of the Magistrate Judge. Chilton fails to demonstrate any entitlement to have a Magistrate Judge address the Motion to Dismiss in the first instance.

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>    . . . .
>> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A litigant cannot use Rule 60(b) simply to request "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (*citing United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982)).

### III. ANALYSIS

Chilton fails to demonstrate any exceptional circumstances as the vast majority of Chilton's Rule 60(b) Motion is largely an improper attempt to relitigate the timeliness of his § 2254 Petition. *See CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (*citing United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982)); *Cross v. Bragg*, 329 F. App'x 443, 452 (4th Cir. 2009) (concluding defendants' belated assertion of new legal argument did not satisfy exceptional circumstances threshold requirement). Furthermore, Chilton fails to satisfy either Rule 60(b)(1), (2), (3), or (6).

"'Rule 60(b)(1) motions asserting legal mistake as a ground for relief must be filed before the time to appeal ha[s] elapsed.'" *Tully v. Johnson*, No. 3:10CV299, 2012 WL 1259102, at *1 (E.D. Va. Apr. 13, 2012) (*quoting Johnson v. Kelly*, Nos. 3:10CV086, 3:07CV731, 2010 WL 1172646, at *1 (E.D. Va. Mar. 23, 2010)); *cf. In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) ("A Rule 60(b) motion may not substitute for a timely appeal." (*citing Hopper v. Euclid Manor*

*Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989))). Because Chilton filed his Rule 60(b) Motion well after the time to file an appeal expired, Rule 60(b)(1) does not apply.

Chilton contends that he satisfies 60(b)(3) because "[t]he record was manipulated and misrepresented by the Respondent." (Br. Supp. Rule 60(b) Mot. 3 (capitalization corrected).) In this regard, Chilton relates some additional circumstances surrounding the submission of his Petition to Void Judgment to the Circuit Court.[7] (*Id.* at 3–4.) Chilton now insists that the Clerk of the Circuit Court should have filed the Petition for Void Judgment in his criminal case.[8] However, Chilton cannot fault the Clerk of the Circuit Court for not filing the Petition to Void Judgment in his criminal case when he previously insisted that the Clerk file the Petition to Void Judgment as a new civil action. *Cf. Aikens v. Ingram*, 652 F.3d 496, 503–04 (4th Cir. 2011) (concluding the plaintiff could not complain that district court failed to treat his Rule 60(b) motion as a new action, when the plaintiff never made such a request). In a letter dated January 3, 2008, directed to Clerk of Henrico Circuit Court, Chilton stated:

> On November 28, 2007 I filed a "Petition to Void Judgment" under the provisions of Va. Code 8.01-428(D). The petition was an "independent" civil action as described in the code, not a part of the criminal proceedings to which it

---

[7] Chilton suggests that arguments by the Commonwealth's Attorney caused him to insist that the Clerk of the Circuit Court file the Petition to Void Judgment as a new civil action. The caption of the Petition to Void Judgment does not indicate that Chilton intended that it be filed as a motion in his criminal case—the Petition to Void Judgment does not bear the same case name or case number as Chilton's criminal case.

[8] In an apparent attempt to satisfy the new evidence requirement of Rule 60(b)(2), Chilton has submitted a recent letter from the Clerk of the Circuit Court, which states, "There are no fees for filing motions [in criminal cases]." (Br. Supp. Mot. Am. 60(b) Mot. Ex. 1 at 1.) Chilton, however, could have discovered this fact prior to the denial of his § 2254 Petition. *Boryan v. United States*, 884 F.2d 767, 771–72 (4th Cir. 1989) (citing cases for the proposition that "[e]vidence that is available to a party prior to entry of judgment . . . is not a basis for granting a motion for reconsideration as a matter of law"). Moreover, such evidence does not alter the Court's conclusion that the § 2254 Petition is untimely because Chilton did not seek to file the Petition to Void Judgment in his criminal case. *Id.* at 771 (*quoting Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987)).

> relates. Such civil actions, as habeas corpus, coram nobis, and other extraordinary writs are collateral or ancillary to the contested proceedings.
> However, according to the Henrico Commonwealth's Attorney's Office, the action was mistakenly docketed as part of the underlying criminal case. Please correct this mistake, refile the petition properly on the civil docket, and notify me of its refiling and record number.

(January 3, 2008 Letter, *Chilton v. Felmlee*, CR03-3631 (Va. Cir. Ct. received Jan. 7, 2008) (capitalization and spelling corrected).

Chilton fails to demonstrate that he ever properly filed his Petition to Void Judgment in his state criminal case or as a new civil case. *See Artuz v. Bennett*, 531 U.S. 4, 9 (2000) ("If . . . an application is erroneously accepted by the clerk of a court lacking jurisdiction, or is erroneously accepted without the requisite filing fee, it will be *pending*, but not *properly filed*."). Moreover, Chilton fails to establish that any misconduct by Respondent prevented him from timely raising arguments as to why his Petition to Void Judgment should have been considered properly filed. *See Shanklin v. Seals*, 461 F. App'x 313, 315 (4th Cir. 2012) (requiring a Rule 60(b)(3) movant "to 'prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claims'" (quoting *McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991))).

Lastly, Chilton suggests Rule 60(b)(6) entitles him to relief. "A motion under Federal Rule of Civil Procedure 60(b)(6) may not be granted absent 'extraordinary circumstances.'" *MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 277 n.5 (4th Cir. 2008) (*quoting Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004)). Chilton fails to demonstrate any such extraordinary circumstances that would warrant vacating the prior dismissal of this action. Accordingly, the Court will DENY Chilton's Rule 60(b) Motion (Docket No. 52).

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue

unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Chilton is entitled to further consideration in this matter. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

It is so ORDERED.

Date: 11/6/12
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge