IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**THOMAS A. CHILTON, III,**

    Petitioner,

v.                                                      Civil Action No. **3:10CV871**

**LORETTA KELLY,**

    Respondent.

## MEMORANDUM OPINION

Thomas A. Chilton, III, a Virginia prisoner, filed a petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition" (ECF No. 1)). On November 29, 2011, by Memorandum Opinion and Order, the Court dismissed the action as barred by the relevant statute of limitations. *Chilton v. Kelly*, No. 3:10CV871, 2011 WL 5975242, at *4 (E.D. Va. Nov. 29, 2011).[1] Thereafter, Chilton filed a "MOTION FOR RELIEF PURSUANT TO RULE 60(b)" ("Rule 60(b) Motion" (ECF No. 49)) and a "MOTION TO AMEND 60(b) MOTION" (ECF No. 60) wherein he sought to expand his grounds and arguments for relief under Rule 60(b). By Memorandum Opinion and Order entered on November 6, 2012, the Court granted Chilton's "MOTION TO AMEND 60(b) MOTION" and denied his Rule 60(b) Motion. *Chilton v. Kelly*, No. 3:10CV871, 2012 WL 5423839, at *1, *4 (E.D. Va. Nov. 6, 2012). The matter is before the Court on Chilton's "MOTION TO RECONSIDER" (ECF No. 64) the November 6, 2012 Memorandum Opinion and Order denying relief on his Rule 60(b) Motion.

Chilton fails to identify a rule or statute that authorizes his current "MOTION TO RECONSIDER." Apparently, the "MOTION TO RECONSIDER" is another motion under Rule

---

[1] Chilton appealed that decision. On May 30, 2012, the United States Court of Appeals for the Fourth Circuit denied Chilton a certificate of appealability and dismissed his appeal. *Chilton v. Kelly*, 473 F. App'x 318, 318 (4th Cir. 2012).

60(b). Chilton seeks to continue to argue that his § 2254 Petition was timely and to argue that the Court wrongly denied his Rule 60(b) Motion. Chilton fails to demonstrate any error by the Court, much less any basis for granting him relief at this late juncture. *See CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 400 (4th Cir. 1995) ("'Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue.'" (quoting *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982))); *cf. In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) ("A Rule 60(b) motion may not substitute for a timely appeal." (citing *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989))). Accordingly, Chilton's "MOTION TO RECONSIDER" (ECF No. 64) will be DENIED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Chilton is entitled to further consideration in this matter. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

It is so ORDERED.

Date: 6-24-13
Richmond, Virginia

/s/
James R. Spencer
United States District Judge

2